# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### COLUMBIA  DIVISION

| | |
|---|---|
| Margaret Atkinson                                    ) | Civil Action No.: 3:26-CV-01027-MGL |
|                                ) | |
|                                ) | |
|         Plaintiff,   ) | |
|                                ) | |
|        v.   ) | JOINT RULE 26(f) REPORT AND LOCAL |
|                                ) | 26.03 RESPONSES |
| Alvaro Martinez and Bernhardt                    ) | |
| Transportation, LLC                                    ) | |
|                                ) | |
|         Defendant.   ) | |

**TO:    THE UNITED STATES COURT:**

The parties have conferred and jointly submit the following Rule 26(f) Discovery Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

### I. CIVIL RULE 26(f) DISCOVERY PLAN

(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

**RESPONSE: Rule 26(a)(1) disclosures will be made by June 30, 2026.**

(B)  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

**RESPONSE: Discovery may be needed on the facts and circumstances surrounding the underlying traffic accident giving rise to the allegations of Plaintiff's Complaint, as well any damages sustained by Plaintiff. Discovery should be completed by the date noted in the proposed Amended Scheduling Order. At this time, the parties are unaware of any extraordinary issues in the case.**

1

(C) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

**RESPONSE: The parties do not anticipate issues regarding discovery of electronically stored information at this time.**

(D) Any issues about claims of privilege or of protection as trial-preparation materials, including, if the parties agree on a procedure to assert these claims after production, whether to ask the court to include their agreement in an order.

**RESPONSE: No issues regarding claims of privilege or protection as to trial preparation materials have yet arisen in the case. The parties will advise the court in writing if any such issues arise.**

(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

**RESPONSE: The parties are not aware of any changes that should be made in the limitations on discovery at this time.**

(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**RESPONSE: None at this time.**

## II. LOCAL CIVIL RULE 26.03 REPORT

A short statement of the facts of the case.

**RESPONSE: This lawsuit arises from a collision that occurred on I-77 in Richland County, South Carolina when a vehicle driven by Alvaro Martinez collided with a vehicle driven by Margaret Atkinson. At this time, Defendant denies the allegations of Plaintiff's Complaint and demands strict proof thereof.**

The names of the fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE:**

**Plaintiff Margaret Atkinson, in her capacity as the Plaintiff. Plaintiff is expected to testify concerning her recollection of the collision, any property damage, the injuries she sustained, and the medical treatment she required.**

**Alvaro Martinez. Defendant is expected to testify concerning his recollection of the collision and the immediate aftermath.**

**Medical Providers for Plaintiff who provided treatment for any alleged injuries received as a result of this incident.**

**Defendant reserves the right to supplement this answer pursuant to F.R.C.P. and/or scheduling order.**

**Any other witnesses of which the parties may become aware throughout the course of discovery.**

**Trooper D. Bradley and/or other officers from the South Carolina Highway Patrol. The collision was investigated by the South Carolina Highway Patrol, and representative(s) from the South Carolina Highway Patrol are expected to testify as to their investigation of the collision.**

The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE: No expert witnesses have been identified at this time.**

A summary of the claims or defenses with statutory and/or case citations supporting same.[1]

**RESPONSE:**

**For the Plaintiff: Plaintiff alleges that Defendant was negligent in causing the motor vehicle collision. *Carter v. R.L. Jordan Oil Co.*, 301 S.C. 84, 390 S.E.2d 367 (Ct. App. 1990); *see also Crosby v. Sawyer*, 291 S.C. 474, 354 S.E.2d 387 (1987). Plaintiff has also alleged Defendant was negligent in failing to obey traffic laws pursuant to S.C. Code Ann. § 56-05-1900. Plaintiff will also rely upon well settled case law pertaining to negligent causes of action in proving the subject allegations.**

---

[1] Generic references to the "general common, statutory or regulatory law" of the relevant jurisdiction will not be deemed an adequate response. Neither are lengthy discussions of commonly applied claims and defenses required. For most causes of action or defenses, a single citation to a single statute or case establishing the elements will suffice.

**For the Defendant: Defendant has answered and denied Plaintiff's allegations and demanded strict proof thereof, in accordance with Plaintiff's burden of proof in a civil action such as this one. Defendant has also asserted failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant has also cited the doctrine of comparative negligence as described in South Carolina Code Section 15-38-15 and the case law of South Carolina. Defendant has also asserted the defenses of intervening and superseding negligence (*see Matthews v. Porter*, 239 S.C. 620, 124 S.E.2d 321 (1962)); sudden emergency (*see Elrod v. All*, 243 S.C. 425, 134 S.E.2d 410 (1964)); assumption of known risk (*see Turner v. Sinclair Ref. Co.*, 254 S.C. 36, 173 S.E.2d 356 (1970)); and unavoidable accident (*see Grier v. Cornelius*, 247 S.C. 521, 148 S.E.2d 338 (1966)). These defenses would be used to show that the Defendant is either not liable or partially liable. Finally, Defendant asserts the doctrine of waiver and estoppel (*see King v. James*, 388 S.C. 16, 694 S.E.2d 35 (Ct. App. 2010)); statute of limitations (see S.C. Code Ann. 15-3-530); spoliation (*see Cole Vision Corp. v. Hobbs*, 394 S.C. 144, 714 S.E.2d 537 (2011)); and any other defense that may be discovered as discovery as this case progresses. Finally, Defendant asserts that Plaintiff's claim for punitive damages violates the Constitution of the United States and the Constitution of South Carolina.**

Absent special instructions from the assigned Judge, the parties shall propose dates for the following deadlines listed in local Civil Rule 16.02.

**RESPONSE: A consent proposed amended scheduling order is being submitted contemporaneously herewith.**

Any special circumstances that would affect the time frames applied in preparing the scheduling order:

**RESPONSE: The parties are not aware of any special circumstances that would affect the time frames applied in preparing the scheduling order.**

Any additional information requested in the Pre-Scheduling Order or otherwise requested by the assigned judge.

**RESPONSE: The parties agree with the Court's order for mediation.**

*(Signature Page Following)*

4

Respectfully submitted,

*s/ James G. Biggart, II*
James G. Biggart, II
Federal ID No.: 14195
Cooper Klaasmeyer
Fed ID No.: 14272
4410 Belle Oakes Drive, Suite 300
North Charleston, SC 29405
Telephone (843) 973-5186
Fax (843) 947-6113
jbiggart@forthepeople.com
cooper.klassmeyer@forthepeople.com
biggartlitigation@forthepeople.com
**Attorneys for the Plaintiff**

*s/Richard E. McLawhorn, Jr.*
Richard E. McLawhorn, Jr.
Federal ID No.: 11441
Jake M. Tillery
Federal ID No.
Sweeny, Wingate & Barrow, P.A.
1515 Lady Street
Columbia, SC 29201
Telephone (803) 256-2233
Fax: (803) 256-9177
rem@swblaw.com
jmt@swblaw.com
**(Attorneys for the Defendant)**

June 24, 2026